### Jess Carter v. The State.

#### No. 4171. Decided May 26, 1909.

**1.—Arson—Continuance—Bill of Exceptions—Signature of Judge Necessary.**

　　Where upon appeal from a conviction of arson the bill of exceptions reserved to the refusal of a motion for continuance was not signed by the trial judge, the same could not be considered.

**2.—Same—Evidence—Harmless Error.**

　　Where upon trial for arson testimony was admitted by the State that defendant after the fire while walking down the road, seemed to be excited and was looking back like looking for someone, and it was previously shown that he was looking for someone, the error if any was harmless.

**3.—Same—Absence of Defendant.**

　　Where defendant in his motion for new trial complained that the jury were

empaneled during defendant's absence, but the court in explaining the bill of exceptions did not certify to this, but stated that the indictment had been read in defendant's absence, and as soon as the court was aware of this he had the State's counsel to reread the indictment in defendant's presence; and the bill being thus accepted by the defendant, there was no error.

#### 4.—Same—Charge of Court—Alibi.

Where upon trial for arson the form of the court's charge on alibi was according to precedent, there was no error. Following Gallaher v. State, 28 Texas Crim. Rep., 247.

Appeal from the District Court of Upsher. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of arson; penalty, five years confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of arson, his punishment being assessed at five years confinement in the penitentiary.

1. Continuance was sought on account of the absence of Emma Richardson. There is what purports to be a bill of exceptions in the record reserved to the refusal of the court to grant the application, but it is not signed by the trial judge, and, therefore, can not be considered.

2. While the witness Bledsoe was testifying for the State he was asked by the district attorney if he saw the defendant the day after the fire. The bill recites that said witness was proceeding to testify as follows: "I saw defendant walking down the road the day after the fire, and he seemed to be excited, and was looking back like looking for some one." Appellant objected, and asked that same be stricken from the jury, and that they be instructed not to consider same, because it was immaterial, opinion of the witness, and highly prejudicial to appellant's rights before the jury. This bill was approved, with the statement that Berry had previously testified that the defendant knew that he, Berry, was going over to his mother-in-law's, because he had told him he was, and that defendant at once started in that direction, going by the witness Bledsoe's, and Bledsoe's testimony tends to show that defendant was looking back to see if Berry was following him. As qualified, even if inadmissible, there was no such injury shown as would require a reversal of the judgment. If appellant was looking back to see whether Berry was following him, in accordance with the appointment, the matter is wholly immaterial, and would not affect the case perceptibly either one way or the other. This seems to be the view taken of it by the court below. We find no such error in this matter as requires a reversal.

3. Another bill of exceptions recites that, after the motion for a con-

tinuance had been overruled, and the court had resumed the business and trial of the case, and while appellant was absent from the courtroom, the jury were by the court impaneled and sworn while the appellant was still absent from the courtroom, and that he did not come into the courtroom until the district attorney had about completed reading the indictment, whereupon the district attorney reread the indictment and appellant was required to plead. Exception was reserved, and this error was alleged in motion for a new trial and in arrest of judgment. The court thus qualifies the bill: "I can not approve this bill to the effect that defendant was not in courtroom when jury were sworn; he was on bail, and the first time I noticed his absence was while district attorney was reading indictment to jury, and as soon as I discovered his absence I stopped district attorney until defendant came in, and then had him to reread the indictment and defendant plead thereto. No question was made about defendant being absent when jury were sworn, and, had my attention been called to his absence I would have waited until he was present before swearing them." As this bill is presented the matter is left in such condition that we do not feel called upon to revise the action of the court. In the qualification of the bill it is not made to appear that appellant was absent when the jury were sworn, and the court refuses to endorse and verify that portion of the bill. If the court was incorrect appellant should have prepared him a bill, or taken necessary steps to have made it appear that he was absent when the jury was sworn. As the matter is presented, we are not warranted in revising the matter.

4. The charge on alibi is criticised. The form of charge, as given, has been repeatedly approved by this court, and is the same practically as that given in the case of Gallaher v. State, 28 Texas Crim. App., 247. In fact, the charge as given by the court is stereotyped in form, and has been so often approved by this court that it is deemed unnecessary to discuss it.

The charge as given by the court sufficiently presents the law applicable to the different phases of the testimony.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

BROOKS, JUDGE, absent.